IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROBERT W. GRAYSON,

    Plaintiff,

v.

KEVIN D. BUCHANAN et al.,

    Defendants.

Case No. 22-CV-196-JFH-SH

## OPINION AND ORDER

This matter comes before the Court on the Motion for Injunctive Relief and Temporary Restraining Order ("Motion") filed by Plaintiff Robert Wayne Grayson ("Plaintiff"). Dkt. No. 30. Plaintiff seeks a temporary restraining order and preliminary injunction to prevent his termination from the Drug Court program in connection with a criminal case in the Washington County District Court. *Id.* at 7. For the reasons set forth herein, Plaintiff's Motion is denied.

**I.    DISCUSSION**

**A. Motion for Temporary Restraining Order and Preliminary Injunction**

Under Rule 65 of the Federal Rules of Civil Procedure, a party seeking preliminary injunctive relief through a TRO or a preliminary injunction must show that: "(1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (internal quotation marks and citation omitted). The primary goal of preliminary injunctive relief is to preserve the pre-trial status quo. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). In

considering a motion for such relief, the Court determines the status quo by looking "to the reality of the existing status and relationship between the parties and not solely to the parties' legal rights." *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1260 (10th Cir. 2005) (internal quotation marks and citation omitted).

### B. Likelihood of Success on the Merits

#### 1. The Anti-Injunction Act

In this case, it appears that Plaintiff is seeking injunctive relief to prevent the termination of his participation in a Drug Court program connected with a criminal case in the Washington County District Court. Dkt. No. 58. This relief is expressly prohibited by the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

The phrase "proceedings in a State court" is "comprehensive" and "includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process." *Hill v. Martin*, 296 U.S. 393, 403 (1935). The Act's prohibition applies "to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective ... whether such supplementary or ancillary proceeding is taken in the court which rendered the judgment or in some other." *Id.*

"On its face the present Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); *see also Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) ("[T]he Act's core message is one of respect for state courts. The Act broadly commands that those tribunals shall remain free from interference by

federal courts." (internal quotation marks and citation omitted)). The exceptions "are narrow and are not [to] be enlarged by loose statutory construction." *Smith*, 564 U.S. at 306 (alteration in original) (internal quotation marks and citation omitted). "[A]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff's request for injunctive relief from anticipated action taken relative to his Washington County District Court case falls squarely within the Act's prohibition. Further, from the information set forth in Plaintiff's Motion, the Court cannot conclude that Plaintiff's request for relief meets any of the Act's specifically defined exceptions.

The first exception applies where the injunctive relief sought is "expressly authorized" by Congress. 28 U.S.C. § 2283. Here, Plaintiff does not cite, and the Court is not aware of any authority expressly permitting a federal district court to prevent action in a state criminal Drug Court proceeding and therefore, has no basis for applying this exception.

The second exception applies where the injunction sought is "necessary in aid of [the federal court's] jurisdiction." 28 U.S.C. § 2283. The general rule under this exception "is that where state and federal courts have concurrent jurisdiction over a case, neither court may prevent the parties from simultaneously pursuing claims in both courts." *Lou v. Belzberg*, 834 F.2d 730, 740 (9th Cir. 1987) (citing *Atl. Coast Line R.R. Co.*, 398 U.S. at 295). Although this case arises from the events leading up to Plaintiff's arrest and prosecution in the Washington County District Court case, the federal and state courts do not have concurrent jurisdiction in either case.

The third exception, known as the "relitigation exception," authorizes an injunction "to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." *Smith*, 564 U.S. at 306 (internal quotation marks and citation omitted). Here,

Plaintiff does not seek an injunction against relitigation of an issue previously determined by this Court. Thus, the third exception cannot apply.

For these reasons, the Court finds that Plaintiff is not likely to succeed on the merits of his request for preliminary injunctive relief.

### C. Remaining Factors

Since Plaintiff has failed to show a substantial likelihood of success on the merits of his request for preliminary injunctive relief, the Court need not consider the remaining requisite factors—the likelihood that Plaintiff will suffer irreparable harm in the absence of injunctive relief, whether injury to Plaintiff outweighs the harm to Defendants in granting injunctive relief, or whether declining to grant injunctive relief would harm the public interest. As explained above, a plaintiff must make a "clear and unequivocal" showing on all four requirements for preliminary relief. *Flowers*, 321 F.3d at 1256. Where, as here, the failure to satisfy one factor for obtaining preliminary injunctive relief is dispositive, "a court need not consider the other factors." *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 890 (10th Cir. 2021) (declining to consider the remaining factors where plaintiffs failed to show irreparable harm).

IT IS THEREFORE ORDERED that the Motion for Injunctive Relief and Temporary Restraining Order ("Motion") filed by Plaintiff Robert Wayne Grayson [Dkt. No. 30] is DENIED.

Dated this 16th day of September 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE